IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Mitchell David Holbach, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No: 3:09-cv-20 |
| vs. | ) | |
| | ) | |
| State of North Dakota, Don Redman, NDDOCR, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Mitchell David Holbach ("Holbach") filed a petition for habeas relief under 28 U.S.C. § 2254 (Doc. #2) and a motion to appoint counsel (Doc. #3). He also filed an application to proceed *in forma pauperis* (Doc. #1), which was denied after he paid the filing fee. When a prisoner seeks redress from a governmental entity the court must conduct an initial review of the petition prior to service upon the respondent. 28 U.S.C. § 1915A(a). The court now considers the petition on initial review and also addresses the motion to appoint counsel.

Background

In his petition Holbach states that on July 17, 2006 he was convicted of stalking and was sentenced to one year of imprisonment followed by two years of probation. After being released from incarceration, Holbach's probation was revoked. Petitioner does not state why his probation was revoked or what sentence he received due to the revocation of his probation. Holbach is not currently incarcerated for his July 17, 2006 stalking conviction or the subsequent revocation of his probation, but is serving time for his February 1, 2008 stalking conviction. Holbach received an enhanced sentence of five years of imprisonment for the second stalking offense due to his prior conviction. Holbach's petition for habeas relief in this case only

challenges the constitutionality of first conviction and the subsequent revocation of his probation. It does not challenge the constitutionality of his second conviction, for which he is currently incarcerated. Holbach has another petition seeking habeas relief pending before this court in Case No. 3:09-cv-23, challenging the constitutionality of his second stalking conviction. The court will address only the first conviction and the probation revocation in this matter.

Holbach claims that he is entitled to habeas relief on the first conviction because North Dakota's stalking law is unconstitutional, he was denied the right to assistance of counsel at his revocation hearing, his conviction was obtained by the prosecution's failure to provide the petitioner with exculpatory evidence, and there were various acts which petitioner refers to as "judicial and professional misconduct." Holbach appealed the order revoking his probation to the North Dakota Supreme Court, which affirmed the order and found Holbach knowingly and intentionally waived his right to counsel at the revocation hearing. See State v. Holbach, 2007 ND 114, 725 N.W.2d 862.

## Motion to Appoint Counsel

Holbach filed a motion to appoint counsel in this matter (Doc. #3). A habeas petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). To evaluate whether a petitioner needs court appointed counsel, the court must consider the factual and legal complexity of the case, as well as the petitioner's ability to investigate and articulate his claims without appointed counsel. Id. The factual and legal issues raised by Holbach's petition are not so complex and numerous that the appointment of counsel would benefit either Holbach or the court. Holbach has demonstrated at least a threshold

ability to articulate his claims. After reviewing Holbach's petition and the other court documents, the court concludes the appointment of counsel is not necessary in this case. Holbach's motion to appoint counsel (Doc. #3) is **DENIED**.

Petition for Habeas Relief

Generally, habeas relief under 28 U.S.C. § 2254 is not available to a state prisoner who contends he is serving a sentence that was improperly enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer is custody. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 396-97 (2001). "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. There is an exception to the general rule if counsel was not appointed in connection with the prior conviction in violation of the Sixth Amendment. Id. at 404.

Holbach claims that he is entitled to habeas relief from his 2006 conviction because North Dakota's stalking law is unconstitutional, the conviction was obtained by the prosecution's failure to provide the petitioner with exculpatory evidence, and there was judicial and professional misconduct related to that conviction. Because Holbach is no longer in custody on the 2006 conviction, he can no longer challenge its validity through habeas proceedings. Nor do the alleged difficulties in the 2006 conviction provide grounds for relief from his current incarceration for his 2008 conviction. Furthermore, petitioner's claim that he was denied the right to assistance of counsel at his probation revocation hearing is not a ground for relief. Holbach does not allege that he was denied counsel in connection with his 2006 conviction, and

he does not claim that the revocation of his probation was used to enhance his 2008 sentence. Holbach's petition indicates that he was assisted by counsel at the preliminary hearing, arraignment, plea, and sentencing for his 2006 conviction.  Therefore, habeas relief is not available to petitioner for a challenge to his 2006 conviction.  Accordingly, it is **RECOMMENDED** that Holbach's petition for habeas relief under 28 U.S.C. § 2254 (Doc. # 2) **BE DISMISSED** with prejudice.

Pursuant to Local Rule 72.1 (D)(3), any party may object to this recommendation within ten (10) days after being served with a copy.

Dated this 22nd day of April, 2009.

    /s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge